UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| GARIOUN MARTIN,<br><br>       Plaintiff,<br><br>v.<br><br>TAYLOR COUNTY, et al.,<br><br>       Defendants. | No. 1:23-CV-052-H |

## ORDER

Before the Court are the defendants' motions to dismiss (Dkt. Nos. 8; 12; 19) and the Findings, Conclusions, and Recommendations (FCR) (Dkt. No. 22) of Magistrate Judge John R. Parker. The plaintiff, Garioun Martin, has objected to the FCR. Dkt. Nos. 23; 24. The Court overrules the objections, accepts and adopts the FCR, and dismisses the plaintiff's claims against the defendants. Further, because the Court concludes that amending the complaint would be futile, the Court denies Martin leave to amend his complaint.

### 1. Factual and Procedural Background

In early 2023, Martin filed a complaint alleging, among other things, that he was tricked by the various defendants into participating in a child-support proceeding. Dkt. No. 1 at 37–38; *see also* Dkt. No. 22 at 3. Martin then alleges that the 326th District Court entered a support order against him, while the other defendants garnished his wages to satisfy his support obligations. *See* Dkt. No. 1 at 33–35, 40–42; *see also* Dkt. No. 22 at 3–4. Martin named as defendants Taylor County, the 326th District Court, and the Office of the Attorney General (OAG) Child Support Division. Dkt. No. 1 at 12–13. Martin brings seven claims against the defendants, including that they violated 18 U.S.C. § 241 and his

rights under the Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments to the United States Constitution.[1] *See id.* 21–43; *see also* Dkt. No. 22 at 3–6.

Each defendant moved separately to dismiss the case. *See* Dkt. Nos. 8; 12; 19. The 326th District Court sought to have the case dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for want of subject-matter jurisdiction and for failure to state a claim, respectively. Dkt. Nos. 8; 9. Particularly, the 326th District Court argued that (1) it has Eleventh Amendment immunity; (2) the *Rooker-Feldman* doctrine bars jurisdiction; (3) Martin lacks standing; (4) the Court should decline jurisdiction under *Younger* abstention; and (5) Martin's complaint failed to state a claim. Dkt. No. 9 at 3–10. Taylor County also moved to dismiss on Rule 12(b)(1) and 12(b)(6) grounds, but it functionally only argued that Martin failed to state a claim upon which relief could be granted. Dkt. Nos. 12; 13. The OAG also sought to dismiss this case on Rule 12(b)(1) grounds that the Court lacked subject-matter jurisdiction because the OAG is entitled to Eleventh Amendment immunity. Dkt. No. 19. Martin responded separately to each motion to dismiss. *See* Dkt. Nos. 10; 11; 14; 15; 16; 18; 20; 21.[2]

After reviewing the filings and the applicable law, Magistrate Judge Parker issued a FCR recommending that the Court dismiss each of Martin's claims and deny him leave to amend. Dkt. No. 22. Martin objected in a timely fashion. Dkt. Nos. 23; 24. The motions to dismiss and FCR are now ripe and before the Court.

---

[1] Judge Parker, as well as this Court, construed the plaintiff's filings liberally, as required by binding precedent. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

[2] As noted in the FCR, Martin has written roughly 500 pages in defense of his claims. *See* Dkt. No. 22 at 26.

2

**2.     Legal Standards**

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Where a party timely objects, a magistrate judge's FCR regarding a dispositive matter is reviewed de novo. Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.* Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)). The district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

**3.     Analysis**

Having conducted an extensive review of Martin's complaint, the various motions to dismiss and related filings, the FCR, and Martin's objections, the Court concludes that the FCR should be adopted in full. In short, as detailed thoroughly in the FCR, Martin's claims require dismissal. At a basic level, Martin's claims are patently deficient because they rest upon erroneous conclusions of law. Further, Martin's objections, while specific and properly made, lack legal merit, and thus do not warrant revisiting, modifying, or rejecting

the FCR. Finally, because the Court concludes that leave to amend could not remedy the numerous deficiencies, the Court denies Martin leave to amend.

### A. The Court Adopts the FCR.

As discussed comprehensively in the FCR, each of Martin's claims should be dismissed. *See* Dkt. No. 22 at 8–27. The Magistrate Judge determined that: (1) Martin's claims against Taylor County should be dismissed for failure to state a claim; (2) his claims against the 326th District Court should be dismissed for lack of subject-matter jurisdiction; (3) his claims against the OAG should be dismissed for lack of subject-matter jurisdiction; and (4) his Due Process and Title 18 claims should be dismissed for lack of subject-matter jurisdiction. *See* Dkt. No. 22 at 27; *see also id.* at 8–25. The FCR further recommended that the Court deny Martin leave to amend because he had the opportunity to plead his best case through his roughly 500 pages in filings. *See* Dkt. No. 22 at 26–27.

Having reviewed the FCR and found it compelling and accurate, the Court adopts the FCR's findings and conclusions. Even having construed the pleadings in the light most favorable to the plaintiff—as Fifth Circuit case law requires—as outlined in the FCR, the Court concludes that none of Martin's claims have merit. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Martin's claims rely on a seriously flawed understanding of child support laws, other legal doctrines, and unsupported conclusions of law. *See, e.g.*, Dkt. No. 1 at 14 (describing the OAG Child Support Division as a "private business [that is] separate from [the] government"); *id.* at 17 (citing a non-existent passage from a Supreme Court case for the proposition that "[g]overnments descend to the level of a mere private corporation")[3]; *id.* at 25, 39 (stating that the state court lacked "lawful judicial authority" in

---

[3] The Court notes that citing non-existent case law might potentially warrant sanctions under

child support proceedings because they were "clerks for the executive agency totally separate from the judicial branch"). In sum, the Court agrees with the FCR that each claim has an independent and unique deficiency that warrants dismissal. *See* Dkt. No. 22 at 8–27.

### B. The Court Overrules Martin's Objections.

The Court now turns to the eight objections that Martin has raised to the FCR. First, Martin objects to Judge Parker's conclusion that 28 U.S.C. § 1691 only applies in federal courts. Dkt. No. 24 at 10. Martin misunderstands the statute. Section 1691 requires the clerk of court's seal to be placed on writs and processes "issuing from a court of the United States." 28 U.S.C. § 1691. Martin argues that because a state court is within the United States, it is a court of the United States. Dkt. No. 24 at 10. Martin is legally wrong. *See* 28 U.S.C. § 1691. Martin further cites a variety of state court cases that the Court finds neither illuminating nor persuasive. *See* Dkt. No. 24 at 10–13. The Court therefore overrules Martin's first objection as legally meritless.

Second, Martin objects to the FCR's conclusion that the 326th District Court and the OAG have sovereign immunity. Dkt. No. 24 at 13. Martin believes that the OAG Child Support Division is a separate entity from the government that is not deserving of sovereign immunity. *See id.* Martin's attempt to distinguish between the OAG and the OAG Child Support Division is legally meritless. *See id.* at 13–15. State entities like the OAG and its components are entitled to sovereign immunity. *See El Bey v. Dominguez*, 540 F. Supp. 3d 653, 678 (N.D. Tex. 2020). The Court, like the FCR, concludes that the OAG is entitled to sovereign immunity. *Id.* Martin asserts similar claims in disputing the 326th's sovereign

---

Federal Rules of Civil Procedure 11(b) and 11(c). *See* Fed. R. Civ. P. 11(b)–(c). Because the plaintiff is pro se and the Court is dismissing this suit, it has determined that a fuller investigation and consideration of potential sanctions is not warranted at this point in time.

immunity—namely that the court is contractually bound and therefore subject to suits by citizens. *See* Dkt. No. 24 at 15–18. Once again, the Court disagrees, and it concludes that the 326th District Court is entitled to sovereign immunity. *See Davis v. Tarrant Cnty.*, 565 F.3d 214, 228 (5th Cir. 2009). Concluding that Martin's second objection lacks legal merit, the Court overrules it.

Third, Martin objects to the FCR's conclusion that he did not show an unconstitutional seizure of his property. Dkt. No. 24 at 18. Specifically, Martin alleges that his wages being garnished by the state to pay for his child support is "executive imprisonment." *Id.* at 21. Liberally construing this mostly non-sensical objection, the Court determines that the plaintiff has attempted to challenge the child support hearing and the authority of the 326th District Court to impose wage garnishment. *See id.* at 18–22. A district court's and Title IV-D agency's ability to garnish wages to provide for child support is statutorily supported by Texas law. *See generally* Tex. Fam. Code Ann. § 158.001. Therefore, the Court overrules Martin's objection.

Fourth, Martin objects to the FCR's conclusion that paying child support is not slavery or involuntary servitude. Dkt. No. 24 at 22. Martin alleges that because he did not take out a loan or promissory note, he owes nothing to the OAG Child Support Division. *Id.* at 23. Martin once again displays his fantastical thinking with regard to his child support obligations. Courts have resoundingly rejected attempts to categorize paying child support as slavery. *See, e.g.*, *United States v. Ballek*, 170 F.3d 871, 874–75 (9th Cir. 1999); *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2016 WL 3361528, at *7 (N.D. Tex. Feb. 24, 2016). The Court agrees with *Ballek*, and it overrules Martin's fourth objection.

Fifth, Martin objects to the FCR's conclusion that the plaintiff had no right to trial by

jury. Dkt. No. 24 at 26. Martin's Seventh Amendment claim is foreclosed because "the 7th Amendment applies only to proceedings in the courts of the United States, and does not in any manner whatever govern or regulate trials . . . in state courts." *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916); *see also Gonzalez-Oyarzun v. Caribbean City Builders, Inc.*, 798 F.3d 26, 29 (1st Cir. 2015). Martin's child support hearing was in state court. The Court is bound by Supreme Court precedent and therefore overrule Martin's fifth objection.

Sixth, Martin objects to the FCR's conclusion that the plaintiff has no standing under 18 U.S.C. § 241. Dkt. No. 24 at 26. Importantly, Title 18 of the U.S. Code deals entirely with criminal law. Like most criminal statutes, Section 241 does not contain a private right of action, and therefore, he does not have standing to bring his claim. *See* 18 U.S.C. § 241; *see also Mackey v. Astrue*, No. 6:10-CV-105-BG, 2011 WL 3703273, at *2 (N.D. Tex. Aug. 8, 2011), *report and recommedation adopted by* 2011 WL 3701435 (Aug. 23, 2011), *aff'd* 486 F. App'x 421 (5th Cir. 2021). Martin's sixth objection does not overcome this fatal flaw, and so the Court overrules it.

Seventh, Martin objects to the FCR's invocation of the *Rooker-Feldman* doctrine. Dkt. No. 24 at 29. Martin raises a number of baseless claims essentially alleging that because his child support hearing was not run by a "real judge," the *Rooker-Feldman* doctrine does not apply. *See id.* at 29–32. *Rooker-Feldman* bars federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Despite Martin's arguments, "[f]ederal courts have

consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to . . . child support." *Runnels v. Charles*, No. 6:20cv126, 2020 WL 1897367, at *2 (E.D. Tex. Mar. 18, 2020), *report and recommendation adopted by* 2020 WL 1891717 (Apr. 16, 2020) (quotation omitted). As a result, the Court overrules this objection.

Eighth, Martin objects to the FCR's conclusion that he did not state a claim under 42 U.S.C. § 1983. Dkt. No. 24 at 32. To plead a cognizable claim under Section 1983, Martin must allege facts showing that he has been deprived of a right secured by the Constitution or the laws of the United States, among other things. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Martin's filings and his objection have failed to provide the sufficient facts to plead a cognizable Section 1983 claim. Therefore, the Court overrules his objection. Having reviewed all of the objections to the FCR, the Court concludes that each should be overruled.

## 4. Conclusion

In short, the Court overrules Martin's objections and adopts the FCR in full. Martin's claims have all the markings of someone who has read too many online "legal manuals," and he has a profound and comprehensive misunderstanding of the law of this country and state. Despite this general incoherence, the Court has considered each of Martin's objections, and it overrules them each. Having reviewed the FCR de novo, the Court hereby adopts the FCR's reasoning, and it dismisses all of Martin's claims with prejudice. Further, the Court denies Martin leave to amend because it has concluded that his claims are unsalvageable.[4] The Court will enter a judgment in accordance with Federal

---

[4] Further, because Martin has not objected to this recommendation by the FCR, the Court has reviewed this recommendation for clear error. Finding none, the Court adopts this particular recommendation.

Rule of Civil Procedure 58 in a separate document.

    So ordered on March 6, 2024.

                                                  JAMES WESLEY HENDRIX
                                                  UNITED STATES DISTRICT JUDGE